UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| BYUNGMIN CHAE, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 26-00788 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## **<u>ORDER</u>**

Upon reading defendant's motion to dismiss for failure to state a claim; upon plaintiff's response; upon other papers and proceedings had herein; and upon due deliberation, it is hereby:

**ORDERED** that defendant's motion to dismiss be, and hereby is, granted; and it is further

**ORDERED** that this action be, and hereby is, dismissed for failure to state a claim.

_____
JUDGE

Dated:  New York, New York
      This _____ day of _____ , 2026.

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. TIMOTHY M. REIF, JUDGE

|  |  |  |
|---|---|---|
| BYUNGMIN CHAE, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 26-00788 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

## **DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

---

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-in-Charge
International Trade Field Office

MARCELLA POWELL

Of Counsel:                                  Senior Trial Counsel
Paula S. Smith                             Civil Division, U.S. Dept. of Justice
Office of the Assistant Chief Counsel   Commercial Litigation Branch
International Trade Litigation            26 Federal Plaza, Room 346
U.S. Customs and Border Protection     New York, New York 10278
                                              Tel. (212) 264-9230 or 1873
Dated: April 8, 2026                      Attorneys for Defendant

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................................1

SUMMARY OF THE ARGUMENT .....................................................................................6

ARGUMENT.........................................................................................................................6

    I.      STANDARD OF REVIEW ................................................................................6

    II.     PLAINTIFF'S CLAIM IS BARRED BY THE DOCTRINE OF CLAIM
            PRECLUSION...................................................................................................7

    III.    THE FEDERAL CIRCUIT'S DECISION IN *CHAE I* IS BINDING ON THIS
            COURT ...........................................................................................................8

    IV.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THIS
            ACTION IS ALSO TIME-BARRED ..............................................................9

CONCLUSION....................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Ammex, Inc. v. United States,* 695 F.3d 1380, 1394 (Fed. Cir. 2012) .................................7

*Ashcroft v. Iqbal*, 556 U.S. 672 (2009).................................................................................5

*Bell Atlantic v. Twombly*, 550 U.S. 544 (2007)................................................................5, 6

*Bowers Inv. Co. v. United States,* 695 F.3d 1380, 1383 (Fed. Cir. 2018) ........................25

*Chae v. Yellen,* 579 F. Supp. 3d 1343 (Ct. Int'l Trade 2022)...............................................2

*Chae v. United States,* 736 F. Supp. 3d 1364 (Ct. Int'l Trade 2024), .................................2

*Chae v. United States,* 2025 WL 3228192 (Fed. Cir. Nov. 19, 2025),.................................2

*Despersia v. United States*, 33 Ct. Int'l Trade 1103 (2009) .................................................7

*Dunn-Heiser v. United States*, 29 Ct. Int'l Trade 552 (2005)  ........................................1, 7

*Faust v. United States,* 101 F.3d 675, 677 (Fed. Cir. 1996)................................................7

*Kenny v. Snow*, 401 F.3d 1359 (Fed. Cir. 2005)...............................................................6, 7

*Mendenall v. Cedarapids, Inc.,* 5 F.3d 1557 (Fed. Cir. 1993*)* ...........................................8

*Michigan v. Bay Mills Indian Community,* 572 U.S. 782 (2014)  .......................................8

*O'Quinn v. United States*, 24 Ct. Int'l Trade 324 (2000) ....................................................7

*Parklane Hosiery Co. v. Shore,* 439 U.S. 322 n.5 (1979) ...................................................7

**Statutes and Regulations**

19 U.S.C. § 1641(b)...............................................................................................................2

19 U.S.C. § 1641(b)(2) ......................................................................................................1, 2

19 U.S.C. § 1641(c)...........................................................................................................1, 2

19 U.S.C. § 1641(e)(1) ....................................................................................................2, 6, 7

19 U.S.C. § 1641(e)(6) ................................................................................3, 7

19 U.S.C. § 1641(f) ....................................................................................1, 2

19 C.F.R. § 111.11(a)(4).................................................................................2

19 C.F.R. § 111.13(a) .....................................................................................2

28 U.S.C. § 1581(a) ........................................................................................8

28 U.S.C. § 1581(g) ........................................................................................4

28 U.S.C. § 1581(g)(1) ..........................................................................6, 7, 8, 9

28 U.S.C. § 1581(i)..........................................................................................8

28 U.S.C. § 2632(a) ................................................................................7, 8, 9

28 U.S.C. § 2636(g) ...................................................................................2, 7

19 C.F.R. § 111.13(e) ......................................................................................2

19 C.F.R. § 111.13(f)........................................................................................2

## Other Authorities

USCIT R. 12(b)(6) ..................................................................................1, 5, 6

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| BYUNGMIN CHAE, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 26-00788 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, the United States (the Government), submits this memorandum in support of its motion to dismiss this action for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the U.S. Court of International Trade.

**INTRODUCTION**

**I.     The Customs Broker License Examination**

"Customs brokers help importers and exporters navigate the labyrinthine federal laws governing the movement of merchandise into and out of the customs territory of the United States." *Dunn-Heiser v. United States*, 29 Ct. Int'l Trade 552, 553 (2005).  In order to become a customs broker, applicants must obtain a customs broker's license by successfully completing a written examination that is administered by U.S. Customs and Border Protection (CBP).  19 U.S.C. § 1641(b)(2)[1]; *see also* 19 U.S.C. § 1641(f) (authorizing the promulgation of regulations

---

[1] 19 U.S.C. § 1641(b)(2) provides:

Before granting the license, the [CBP] may require an applicant to show any facts deemed necessary to establish that the applicant is of good moral character and qualified to render valuable service to others in the conduct of customs business.

1

relating to customs brokers); 19 C.F.R. § 111.13 (setting forth regulations governing the written examination).  The exam is designed "to determine the applicant's knowledge of customs and related laws, regulations and procedures, bookkeeping, accounting, and all other appropriate matters to render valuable service to importers and exporters."  19 U.S.C. § 1641(b)(2); *see also* 19 C.F.R. § 111.13(a).

The Customs Broker License Examination (CBLE) is administered semiannually in April and October.  The exam consists of 80 multiple choice questions and applicants must receive a passing score of 75 percent or higher to obtain their license.  19 C.F.R. § 111.11(a)(4). Applicants who fail the examination and do not receive a passing score can retake the exam without penalty.  19 C.F.R. § 111.13(e).  If an applicant does not attain a passing grade on the examination, the applicant may appeal that result administratively twice, 19 C.F.R. § 111.13(f), and subsequently seek judicial review of a final agency decision by filing an action at the U.S. Court of International Trade (USCIT) within 60 days of that decision.  *See* 19 U.S.C. § 1641(e)(1); *see also* 28 U.S.C. § 2636(g).  If an appeal is not filed within the sixty-day limitations period, "the decision by the [CBP] shall be final and conclusive."  *See* 19 U.S.C. § 1641(e)(6).

## II.    Factual Background

The underlying facts of this case are set forth in *Chae v. Yellen*, 579 F. Supp. 3d 1343 (Ct. Int'l Trade 2022) (*Chae I*).  For purposes of this motion, however, we provide a short factual summary of the principal facts.  Mr. Chae sat for the April 2018 Customs Broker License Examination (CBLE) and initially received a score of 65 percent.  *Id*. at 1349.  Mr. Chae then

---

In assessing the qualifications of an applicant, [CBP] may conduct an examination to determine the applicant's knowledge of customs and related laws, regulations and procedures, bookkeeping, accounting, and all other appropriate matters.

appealed the result.  In response, CBP's Broker Management Branch (BMB) informed Mr. Chae that it would not change the scores for the questions that he appealed, but that all examinees would receive credit for several questions.  Consequently, Mr. Chae's score was recalculated to 67.5 percent, which was still short of the required passing score of 75 percent.  *Id*.

Mr. Chae sought review of the BMB's decision by CBP's Executive Assistant Commissioner.  On May 23, 2019, the Executive Assistant Commissioner responded by letter advising Mr. Chae that he would receive credit for three additional questions.  Based on these newly credited answers, Mr. Chae's new score was adjusted to 71.25 percent, which was still not a passing score.  *Id*.

**III.   *Chae I***

After exhausting his administrative remedies, Mr. Chae commenced an action in this Court seeking review of CBP's decision to deny credit for seven questions (Nos. 5, 27, 33, 39, 43, 50 and 57) on the CBLE.  *See Chae v. U.S. Secretary of Treasury*, Court No. 20-00316, Docket Nos. 1 and 2.  Mr. Chae moved for judgment on the agency record contesting only Questions Nos. 5, 27, 33, 39, and 57.  *Id*. at Docket No. 39.

In *Chae I*, the Court held that CBP's decision to deny plaintiff credit for Questions 5, 27, 33, and 39 was supported by substantial evidence.  579 F. Supp. 3d at 1372.  Although the Court held that CBP's denial of credit for Question No. 57 was not supported by substantial evidence, Mr. Chae still did not achieve a passing score of 75%.  The Court further held that the failure to pass the Customs Broker License Examination was a lawful basis for denying a customs broker's license.  The Court held that CBP's decision to deny Mr. Chae a customs broker's license was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law.  5 U.S.C. § 706.  *Id*.

Plaintiff appealed this Court's judgment to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit).  *See Chae v. Yellen*, 2023 WL 307285 (Fed. Cir. Apr. 25, 2023).  Plaintiff's appeal focused on the three remaining questions for which CBP denied credit, namely, Question Nos. 5, 27, and 33 of the April 2018 CBLE.  The Federal Circuit affirmed this Court's judgment on Questions No. 27 and 33 but held that CBP's denial of credit for Question No. 5 was not supported by substantial evidence.  *Id*.  The Federal Circuit further held that even with credit for Question No. 5, plaintiff could not attain a passing grade of at least 75% and that the "absence of a passing grade on the CBLE constitutes lawful grounds for denial of Mr. Chae's application for a customs broker license" and that "CBP's denial of Mr. Chae's application is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  *Id*.

Plaintiff next petitioned the United States Supreme Court for a writ of certiorari.  The Supreme Court denied plaintiff's petition.  *See Chae v. Yellen*, 144 S. Ct. 347 (2023).  Plaintiff then petitioned for rehearing and that petition was denied by the Supreme Court.  *See Chae v. Yellen*, 144 S. Ct. 714 (2024).

## IV.    *Chae II*

On May 8, 2024, plaintiff commenced a second action in this Court challenging CBP's denial of credit for Question No. 27 of the CBLE.  *Chae v. United States*, 736 F. Supp. 3d 1364 (2024) (*Chae II*).  In that action, plaintiff argued that CBP's denial of credit for Question No. 27 was improper because a vague term in 19 C.F.R. § 145.2 rendered Question No. 27 faulty.  The Government moved to dismiss plaintiff's action under USCIT Rule 12(b)(6), arguing that claim preclusion barred plaintiff from bringing suit.

This Court granted the Government's dismissal motion.  The Court held that the doctrine of claim preclusion barred plaintiff's action, and thus plaintiff could not state a viable claim.

4

*Chae*, 736 F. Supp. 3d at 1370.  Plaintiff appealed this Court's judgment to the Federal Circuit. *See Chae v. United States*, 2025 WL 3228192 (Fed. Cir. Nov. 19, 2025).  Plaintiff's appeal focused solely on Question No. 27 of the April 2018 CBLE, but he asserted a new argument for the first time in the appeal.  Specifically, plaintiff argued that when he took the CBLE, the applicable law was unsettled.  Plaintiff argued that at the time of the examination, he followed *United States v. Baxt*er, 2018 WL 6173880 (D. V.I. Nov. 26, 2018) (*Baxter I*), and he further argued that the law changed after the examination when that decision was vacated and the case was remanded.  *See United States v. Baxter*, 951 F.3d 128, 136-37 (3d Cir. 2020) (*Baxter II*). *Chae*, 2025 WL 3228192 at \*2.  Plaintiff argued that this change in law "was something new" that he could not have presented to this Court.

The Federal Circuit affirmed this Court's judgment on Question No. 27, and held that the trial court "was correct to dismiss on the basis of claim preclusion."  *Id*. at \*2.  Additionally, the Federal Circuit held that plaintiff had waived his *Baxter*-based argument because it was raised for the first time in the appeal.  *Id*. at \*3.  The Federal Circuit also considered plaintiff's remaining arguments and found them unpersuasive.  *Id*.

## V.    *Chae III*

On January 21, 2026, plaintiff commenced a third action in this Court challenging CBP's decision to deny credit for Question No. 27 of the CBLE.  Court No. 26, 00788, Docket No. 1. Plaintiff alleges that he filed the case "to bring the attention to" the discussion in *Baxter I* regarding the Fourth Amendment's protection from "unreasonable searches and seizures of their persons, houses, papers and effects."  *Id*.  Plaintiff contends that the Court should consider that at the time he took the CBLE warrantless searches "of the mail packages was 'unlawful.'"  *Id*. Plaintiff further contends that "this new fact that was not legitimately known or discoverable at

5

the time of the first lawsuit can be the base for the new case and prevent the application of the 'res judicata.'" *Id*. (emphasis omitted).

## SUMMARY OF THE ARGUMENT

Plaintiff's action is barred by claim preclusion. Both this Court and the Federal Circuit have **twice** affirmed CBP's decision denying credit for Question No. 27 of the CBLE. In this action, plaintiff requests that the Court consider his *Baxter*-based argument. Claim preclusion, however, bars arguments that **could have been raised** in the initial action but plaintiff failed to do so. Because plaintiff could have raised his *Baxter*-based argument in *Chae I*, his claim in this action is barred. Additionally, plaintiff's action is time-barred as the statute of limitations on his claim expired over five years ago. Accordingly, plaintiff's action should be dismissed for failure to state a claim.

## ARGUMENT

### I.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim is appropriate when a plaintiff's allegations do not entitle it to a remedy. *See United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1327 (Fed. Cir. 2006). The motion "tests the legal sufficiency of a complaint," *see Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002), which must be dismissed if it fails to present a legally cognizable right of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal is required when a complaint fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In deciding a motion to dismiss for a failure to state a claim, the Court must address whether there is any set of facts that would entitle the plaintiffs to the relief that they request. *Amoco Oil Co. v.*

6

*United States*, 63 F. Supp. 2d 1332, 1334-35 (Ct. Int'l Trade 1999), *aff'd,* 234 F.3d 1374 (Fed. Cir. 2000).

## II.    PLAINTIFF'S CLAIM IS BARRED BY THE DOCTRINE OF CLAIM PRECLUSION.

Claim preclusion bars a subsequent litigation of issues that "could have and should have reasonably been brought" in the earlier suit. *Bowers Inv. Co. v. United States*, 695 F.3d 1380, 1384 (Fed. Cir. 2012).  The doctrine of claim preclusion "(1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322 n.5 (1979)).

Here, as in *Chae II*, plaintiff's claim is still barred by claim preclusion.  All three elements for claim preclusion have been satisfied.  Specifically, this action involves the same parties as those in *Chae I*.  Additionally, this action involves the same challenge to CBP's decision to deny credit for Question No. 27 of the CBLE as in *Chae I*.  Finally, this Court issued a final valid judgment on the merits in *Chae I* affirming CBP's decision on Question No. 27, and the Federal Circuit affirmed that judgment.  Accordingly, plaintiff's Complaint is barred by claim preclusion and should be dismissed.  *See Chae I*, 579 F. Supp. 3d at 1372.

The Federal Circuit held that plaintiff waived his argument based on the *Baxter* decisions by raising it for the first time on appeal.  Plaintiff now attempts to present that same argument to this Court for consideration in this new – third – action to avoid the application of claim preclusion.  Specifically, plaintiff argues that, at the time he took the CBLE *Baxter I* rendered warrantless searches of mail were unconstitutional or "unlawful."  *See* Docket No. 1, Compl. Although plaintiff fails to explain how *Baxter I* bears on Question No. 27, his argument cannot

7

save this action from claim preclusion. The doctrine of claim preclusion bars a litigant from relitigating matters that were *or could have been raised in a prior action between the same parties*. *Faust v. United States*, 101 F.3d 675, 677 (Fed. Cir. 1996). Litigation must come to an end at some point. Claim preclusion prevents endless attempts to relitigate adjudicated claims under new theories. Here, plaintiff's *Baxter*-based argument could have been presented to this Court for consideration in *Chae I*. Indeed, all arguments or theories – even those that might have been based on both *Baxter* decisions (which were issued in 2018 and 2020) – should have been raised before the trial court in *Chae I*. Accordingly, plaintiff's Complaint should be dismissed.

### III. THE FEDERAL CIRCUIT'S DECISION IN *CHAE I* IS BINDING ON THIS COURT.

The doctrine of *stare decisis* compels a lower court to abide by the legal decisions of higher courts in the same jurisdiction. *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1570 (Fed. Cir. 1993). "Adherence to precedent is 'a foundation stone of the rule of law.'" *Kisor v. Wilkie*, 588 U.S. 558, 586 (2019) (citing *Michigan v. Bay Mills Indian Community*, 572 U. S. 782, 798 (2014)). The doctrine of *stare decisis* "promotes the evenhanded, predictable, and consistent development of legal principles, fosters, reliance on judicial decision, and contributes to the actual and perceived integrity of the judicial process." *Payne v. Tenn*, 501 U.S. 808, 827 (1991). Any departure from the doctrine of *stare decisis* "demands 'special justification'—something more than 'an argument that the precedent was wrongly decided.'" *Kisor,* 588 U.S. at 587 (citing *Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 266 (2014)).

Here, under the doctrine of *stare decisis,* this Court is bound by the Federal Circuit's decision in *Chae I.* Specifically, the Federal Circuit held that "CBP's decision to deny Mr. Chae credit for his answer to Question 27 is supported by substantial evidence, and thus the CIT's decision as to this question is affirmed." *Chae*, 2023 WL 3072385 at *5. Because this Court

cannot deviate from the Federal Circuit's decision, plaintiff cannot maintain a viable claim.

Accordingly, this action should be dismissed.

### III.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE THIS ACTION IS ALSO TIME-BARRED.

This Court has exclusive jurisdiction to review the denial of a customs broker's license

under 28 U.S.C. § 1581(g)(1) (2000) and 19 U.S.C. § 1641(e)(1) (2000).[2] *See also Kenny v.*

*Snow*, 401 F.3d 1359, 1361 n.3 (Fed. Cir. 2005) ("Although [plaintiff's] request for relief is

expressed as a desire to receive credit on an examination, we nevertheless treat it for

jurisdictional purposes as a challenge to the denial of a license, as the denial of a license is a

foregone conclusion for an unsuccessful examinee."); *Despersia v. United States*, 33 Ct. Int'l

Trade 1103 (2009); *Dunn-Heiser v. United States*, 29 Ct. Int'l Trade 552, 553 (2005); *O'Quinn v.*

*United States*, 24 Ct. Int'l Trade 324, 325 (2000).  Pursuant to 28 U.S.C. § 2636(g), an action

under section 1581(g)(1), "is barred unless commenced . . . within sixty days after the date of

the entry of the decision or order of [CBP]."  28 U.S.C. § 2636(g); *see also* 19 U.S.C.

§ 1641(e)(1) (appeal of any decision of the Secretary denying a license must be filed in this

Court "within 60 days after the issuance of the decision or order.").  If an action is not timely

filed, CBP's decision "shall be final and conclusive."  *See* 19 U.S.C. § 1641(e)(6).

In *Chae I*, this Court held that although plaintiff received notice of CBP's decision

denying credit for Question No. 27 (and other questions) of the CBLE in May 2019, the sixty-

day statute of limitations was equitably tolled due to exceptional circumstances.  *Chae v.*

*Secretary of the Treasury*, 518 F. Supp. 3d 1383, 1399 (Ct. Int'l Trade 2021).  Specifically, this

Court held that the sixty-day statute of limitations was equitably tolled "until late January or

---

[2] Mr. Chae did not include a jurisdictional predicate in his Complaint.  However, section 1581(g)(1) is the only provision that provides this Court with jurisdiction to review the denial of a customs broker's license.

early February 2020." *Id*. "The clock began ticking again, and Mr. Chae appropriately filed with the Court within 60 days, on March 6, 2020. *See* 19 U.S.C. § 1641(e)(1); *see also* 19 U.S.C. § 2636(g)." *Id*. Here, plaintiff filed this third action challenging CBP's decision to deny credit for Question No. 27 in January 2026 – over **five years** after the equitable tolling ended. Therefore, CBP's decision denying his license is final and conclusive and this action is time-barred under 28 U.S.C. § 1581(g)(1) and 19 U.S.C. § 1641(e)(6).

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court grant the motion to dismiss for failure to state a claim and that this action be dismissed with prejudice.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:    /s/ Marcella Powell
MARCELLA POWELL
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York l0278
Attorneys for Defendant
Tel. No. 212-264-9230 or 1873

Dated: April 8, 2026

10

## CERTIFICATE OF COMPLIANCE PURSUANT TO
## USCIT STANDARD CHAMBER PROCEDURE 2(B)

I, Marcella Powell, Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the Microsoft Word word count feature of the word processing program used to prepare the brief, certify that this brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 2868 words.

/s/ Marcella Powell