Byungmin Chae

3638 S. 205th St Elkhorn, NE 68022

May 1, 2026

Court of international trade / Hon. Timothy M. Reif, Judge

1 federal plaza New York, NY 10278

<u>Re: Request for Consideration of Exception to Claim Preclusion</u>

Case No.: 1:26-cv-00788-TMR

Dear Hon. Timothy M. Reif,

I respectfully submit this letter to request that the Court consider applying an exception to the doctrine of claim preclusion (res judicata) in my case.

I understand that claim preclusion generally prevents parties from relitigating matters that have already been decided. However, I believe that my case falls within a recognized exception to this doctrine for the following reasons:

First, new evidence has emerged that was not reasonably available at the time of the prior proceeding. The baxter's case was initiated from the district court of the virgin islands , the division of St. Thomas and St. John in the year of 2017 and proceeded into the United States court of appeals for the third circuit in the year of 2020 and finally to the United States supreme court in the year of 2021. It was obviously impossible to include this reference to my case in the period of "chae I" which lasted to the United States Supreme court in the month of November 2023 during which time the plaintiff could not do any addition or edition at all ( please see the pages attached). I am convinced that this evidence is material and could significantly affect the outcome of the case.

Second, this background suffices the requirements to the exception to the claim preclusion as this evidence was not presented in the previous court cases and the prior judgment did not address or could not have addressed the specific claim now being raised. As such, the issue currently before the Court is not identical to the one previously adjudicated.

Third, ineffective assistance of counsel (IAC) under the Sixth Amendment can invalidate the preclusive effect of a prior judgment (res judicata) if counsel's deficient performance, meeting the Strickland v. Washington standard, directly caused the failure to raise claims or defenses on time.   The plaintiff was not represented by any counsel in the federal court of appeals in the period of "Chae I" as he was represented by the counsel in the court of international trade who had been assigned by the court. This absence of the counsel resulted in the belief that a reasonable probability exists that the outcome would have been different.

Fourth, there were procedural limitations in the prior cases that prevented a full and fair opportunity to litigate the claim as the baxter's case continued to move on to the United States Supreme Court and the plaintiff had to take time and wait until the rulings were available to the public publication. Denying consideration under these circumstances would result in substantial unfairness.

And finally for the issue of timing concerning any request for an exception to the doctrine of claim preclusion (res judicata) based on newly discovered evidence there is **no single and lawful universal deadline that governs requests for an exception** to claim preclusion. Courts have recognized that claim preclusion should not be applied rigidly where doing so would defeat justice or where important rights were not fully adjudicated and considered whether the evidence could have been discovered with reasonable diligence and whether the party acted within a reasonable time after discovering the evidence.   I respectfully submit that this case presents such circumstances.

For these reasons, I ask the Court to allow my claim to proceed and to consider the merits of the issues presented.

Thank you for your time and consideration.

Respectfully submitted,

Byungmin Chae
Tel: 646-678-0066 / Email: benchaeny@gmail.com