UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| BYUNGMIN CHAE, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 26-00788 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

**DEFENDANT'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

---

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

MARCELLA POWELL
Senior Trial Counsel

Of Counsel:
Paula Smith
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection

Civil Division, U.S. Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Tel. (212) 264-9230 or 1873

Dated: June 18, 2026

Attorneys for Defendant

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................... 1

ARGUMENT ............................................................................................................................. 3

  I.  PLAINTIFF'S CLAIM IS BARRED BY THE DOCTRINE OF *RES JUDICATA* OR
     CLAIM PRECLUSION ....................................................................................................... 3

  II.  PLAINTIFF'S ACTION IS TIME-BARRED ...................................................................... 6

CONCLUSION .......................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Allen v. McCurry,* 449 U.S. 90, 94 (1980)................................................................................ 3

*Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) ........................................ 3

*Baptiste v. Doe*, 680 F. Supp. 3d 186, 190 (N.D.N.Y. 2023) ...................................................... 3

*Bosley v. The Chubb Inst.*, 516 F. Supp. 2d 479, 484–85 (E.D. Pa. 2007) .................................. 4

*Chae v. United States*, 763 F. Supp. 3d 1364, 1370 (Ct. Int'l Trade 2024), *aff'd*, 2025 WL 3228192 (Fed. Cir. 2025).............................................................................................................. 1

*Chae v. Yellen*, 579 F. Supp. 3d 1343 (2022), *aff'd*, 2023 WL 307285 (Fed. Cir. Apr. 25, 2023), *cert. denied*, 144 S. Ct. 347 (Oct. 30, 2023), *reh'g denied*, 144 S. Ct. 714 (Jan. 22, 2024)........... 1

*Chae v. Secretary of Treasury*, 518 F. Supp. 3d 1383, 1399 (Ct. Int'l Trade 2021).

*Cromwell v. Count of Sac*, 94 U.S. 351, 352 (1876 ................................................................... 3

*Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ............................................. 3

*Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1244 (10th Cir. 2017)......... 4

*Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011)............................. 5

*Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)................................................... 3

*Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012) .......................................................... 6

*Smalls v. United States,* 471 F.3d 186, 192 (D.C. Cir. 2006) .................................................... 3

*Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997)................................................ 3

*Strickland v. Washington*, 466 U.S. 688, 680 (1984) ............................................................... 6

*United States v. Baxter*, 2018 WL 6173880 (D.V.I. 2018).......................................................... 2

*United States v. Baxter*, 951 F.3d 128, 136-37 (3d Cir. 2020), *cert. denied,* 141 S. Ct. 1269........ 2

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| BYUNGMIN CHAE, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 26-00788 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant, the United States (the Government), submits this reply memorandum in support of its motion to dismiss this action for failure to state a claim pursuant to Rule 12(b)(6) of the Rules of the U.S. Court of International Trade.

**INTRODUCTION**

This is plaintiff's, Byungmin Chae, third action challenging U.S. Custom and Border Protection's (CBP) decision to deny credit for Question No. 27 on the April 2018 Customs License Broker Examination (CBLE).  Plaintiff's first action was litigated fully, a final judgment was rendered by this Court, and the Federal Circuit affirmed the judgment.  *See Chae v. Yellen*, 579 F. Supp. 3d 1343 (2022), *aff'd*, 2023 WL 307285 (Fed. Cir. Apr. 25, 2023), *cert. denied*, 144 S. Ct. 347 (Oct. 30, 2023), *reh'g denied*, 144 S. Ct. 714 (Jan. 22, 2024) (*Chae I*).  Plaintiff then filed a second action challenging the same examination question.  This Court dismissed that action based on the application of claim preclusion, and the Federal Circuit affirmed that judgment.  *Chae v. United States*, 763 F. Supp. 3d 1364, 1370 (Ct. Int'l Trade 2024), *aff'd*, 2025 WL 3228192 (Fed. Cir. 2025) (*Chae II*).  In this new action, plaintiff again challenges CBP's

1

decision to deny credit for Question No. 27, but this time he is attempting to raise an argument that he did not raise before this Court in *Chae I* (or *Chae II*).  Plaintiff now argues that *res judicata* or claim preclusion does not apply because there is "new evidence."  However, the purported "new evidence" is not factual evidence but rather the Third Circuit's decision in *United States v. Baxter*, 951 F.3d 128, 136-37 (3d Cir. 2020), *cert. denied*, 141 S. Ct. 1269 (Jan. 25, 2021) (*Baxter II*), which vacated and remanded *United States v. Baxter*, 2018 WL 6173880 (D.V.I. 2018) (*Baxter I*).  The *Baxter* decisions do not qualify as "newly discovered evidence" sufficient to relieve plaintiff from the application of claim preclusion or *res judicata*.  As in *Chae II*, this action is barred by *res judicata* or claim preclusion as it applies to arguments or claims that were or *could have been raised in the prior action*.  Nothing prevented plaintiff from presenting any arguments based on *Baxter I* and *Baxter II* in *Chae I* (or Chae II), but he did not do so.  Plaintiff cannot avoid the consequence of *res judicata* or claim preclusion by invoking those decisions in this action.

Furthermore, this action is barred by the statute of limitations.  An appeal of any decision of CBP denying a license must be filed within 60 days of the issuance of the decision.  *See* 28 U.S.C. § 2636(g) and 19 U.S.C. § 1641(e)(1), (e)(6).  This Court held that the sixty-day statute of limitations was equitably tolled "until late January or early February 2020."  *Chae v. Secretary of Treasury*, 518 F. Supp. 3d 1383, 1399 (Ct. Int'l Trade 2021).  Plaintiff filed this third action challenging CBP's decision denying credit for Question No. 27 over **five years** after the equitable tolling ended.  Therefore, this action is time-barred under 19 U.S.C. § 1641(e)(1), (e)(6); 28 U.S.C. § 1636(g)

For these reasons, plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted.

**ARGUMENT**

**I.    PLAINTIFF'S CLAIM IS BARRED BY THE DOCTRINE OF *RES JUDICATA* OR CLAIM PRECLUSION.**

In our moving brief we established that the doctrine of *res judicata* or claim preclusion bars a subsequent lawsuit "if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Chae II*, 2025 WL 3228192, at 2 (citing *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (citing *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 (1979)); *Smalls v. United States,* 471 F.3d 186, 192 (D.C. Cir. 2006).  Under the doctrine of *res judicata* or claim preclusion, a final judgment on the merits of an action precludes the parties from "relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981); *Allen v. McCurry,* 449 U.S. 90, 94 (1980) (citing *Cromwell v. Count of Sac*, 94 U.S. 351, 352 (1876)). The significance of *res judicata* is that it relieves parties of the cost of multiple lawsuits, conserves judicial resources, and encourages "reliance on adjudication," and can be raised by a party or *sua sponte* by the court.  *Id*.  *See also Stanton v. D.C. Ct. of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997) ("[R]es judicata belongs to courts as well as to litigants . . . ."); *Baptiste v. Doe*, 680 F. Supp. 3d 186, 190 (N.D.N.Y. 2023) (citing *Corley v. Farrell*, 833 Fed. App'x 908, 909 (2d Cir. 2021) (citations omitted)) (court may invoke the doctrine of *res judicata sua sponte* to promote judicial economy but is not obligated to do so).  Plaintiff does not dispute that the elements of *res judicata* or claim preclusion are satisfied.  Instead, plaintiff advances several arguments in an attempt to avoid the preclusive effect of *Chae I*.  Plaintiff's arguments are unavailing.

Plaintiff first argues that his new challenge to Question No. 27 is not barred by the doctrine of *res judicata* or claim preclusion because it "falls within a recognized exception." *See* Docket No. 9, Letter at 1. Specially, plaintiff argues that the "new evidence," namely, the *Baxter* decisions, were "not reasonably available at the time of the prior proceeding." *See id*. Plaintiff further argues that he could not have presented any arguments based on the *Baxter* decisions, in *Chae I* because that litigation did not become final until the U.S. Supreme Court denied a petition for a writ of *certiorari* in January 2021. *Id*. Plaintiff further argues that he had to wait until the "rulings were available to the public [for] publication." *Id*. at 2. Plaintiff's argument is predicated on a fundamental misunderstanding of the "newly discovered evidence" exception to *res judicata* or claim preclusion.

The "newly discovered evidence" exception to *res judicata* or claim preclusion is extremely narrow. "Newly discovered evidence does not prevent the application of *res judicata*, 'unless the evidence was either fraudulently concealed or it could not have been discovered with due diligence.'" *Bosley v. The Chubb Inst*., 516 F. Supp. 2d 479, 484–85 (E.D. Pa. 2007); *Goodwin v. Hatch*, 781 Fed. Appx. 754, 761 (10th Cir. 2019) (citing *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1244 (10th Cir. 2017)). Here, the exception does not apply.

Plaintiff has neither pointed to facts that were fraudulently concealed nor facts that could not have been discovered with due diligence. Rather, plaintiff argues that he relied on *Baxter I* when he took the CBLE, but the law subsequently changed when the Third Circuit vacated and remanded that decision in *Baxter II*. *Baxter I* involved a criminal defendant's motion to suppress physical evidence obtained by a warrantless search in the Virgin Islands on the grounds that it was unreasonable and violated his rights under the Fourth Amendment. 2018 WL 6173880, at

4

16.  The Court held that the search did not fall within the "border search" exception to the Fourth Amendment's warrant requirement and suppressed the evidence.  In *Baxter II*, the Third Circuit vacated the district court's decision and remanded the action.  951 F.3d 128, 136-37.   Plaintiff argues that it was "impossible" to assert any *Baxter*-based arguments in *Chae I* because he "could not do any addition or edition at all" while his case was still before this Court.  *See* Docket No. 9, Letter at 1.  The chronology of the prior proceedings refutes plaintiff's argument.[1]

Plaintiff commenced *Chae I* in 2020, filed an amended complaint in that action on July 6, 2021 (Docket No. 20), filed his motion for judgment on the agency record on October 1, 2021 (Docket No. 39), and this Court rendered its final decision in that action in 2022.  *Baxter I* was issued in 2018, *Baxter II* was issued in 2020, and the U.S. Supreme Court denied petition for *certiorari* in January 2021.  Thus, both *Baxter* decisions and the denial of *certiorari* predate this Court's final decision in *Chae I*.  Nothing prevented plaintiff from presenting arguments based on the *Baxter* decisions to this Court during the course of *Chae I* or even in *Chae II*.[2]  Plaintiff did not raise the *Baxter* decisions in its dispositive motion briefing in *Chae I* nor did he seek reconsideration of this Court's final judgment based on those decisions.  In fact, the first time plaintiff raised the *Baxter* decisions was on appeal from the dismissal in *Chae II*, where the Federal Circuit correctly held that the argument had been waived.  *Chae II*, 2025 WL 3228192, at *3.  Because plaintiff could have raised his *Baxter*-based arguments in *Chae I*, he cannot avoid the preclusive effect of *Chae I* by asserting them now.  This action is barred by *res judicata* or claim preclusion.

---

[1] The *Baxter* decisions have no bearing on the CBLE.  The CBLE tests applicants on their knowledge of "customs and related laws, regulations and procedures, bookkeeping, accounting, and all other appropriate matters."  *See* 19 U.S.C. § 1641(b)(2).

[2] The Court can take judicial notice of the "public records from other court proceedings." *Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

Plaintiff next argues that he should be relieved of issue preclusion because he did not receive effective assistance of counsel when he appealed the dismissal of *Chae II*. *See* Docket No. 9, Letter at 2. Relying on the Sixth Amendment, plaintiff argues that his lack of legal counsel "directly caused the failure to raise claims or defenses on time" and "resulted in the belief that a reasonable probability exists that the outcome would have been different." *Id*. Plaintiff's argument is without merit.

As an initial matter, a claim of ineffective assistance of counsel does not provide a basis for avoiding the application of *res judicata* or claim preclusion in a civil action. It is well-settled that the Sixth Amendment affords criminal defendants the right to "counsel reasonably likely to render and rendering reasonably effective assistance given the totality of the circumstances." *Strickland v. Washington*, 466 U.S. 688, 680 (1984). The Sixth Amendment right to counsel does not apply in civil actions. *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012) ("It is well established that, as a general matter, the constitutional right to counsel—and thus the constitutional right to the effective assistance of counsel—does not attach in civil cases that do not involve the potential deprivation of a liberty interest."). Because this is a civil action, plaintiff cannot invoke ineffective assistance of counsel as a basis for relief from *res judicata* or claim preclusion.

## II.    PLAINTIFF'S ACTION IS TIME-BARRED

Finally, plaintiff does not dispute that the statute of limitations for claims based on CBP's denial of credit for Question No. 27 of the CBLE began to run in January or February of 2020 and expired sixty-days later. Plaintiff, however, argues that there is "no single and lawful universal deadline that governs requests for an exception to claim preclusion." *See* Docket No. 9, Letter at 2. Plaintiff is incorrect. 19 U.S.C. § 1641(e) provides:

**(1) In general**
A customs broker, applicant, or other person directly affected may appeal any decision of the Secretary denying or revoking a license or permit under subsection (b) or (c), or revoking or suspending a license or permit or imposing a monetary penalty in lieu thereof under subsection (d)(2)(B), by filing in the Court of International Trade, within 60 days after the issuance of the decision or order, a written petition requesting that the decision or order be modified or set aside in whole or in part. A copy of the petition shall be transmitted promptly by the clerk of the court to the Secretary or his designee. In cases involving revocation or suspension of a license or permit or imposition of a monetary penalty in lieu thereof under subsection (d)(2)(B), after receipt of the petition, the Secretary shall file in court the record upon which the decision or order complained of was entered, as provided in section 2635(d) of title 28.

**(6) FAILURE TO APPEAL**
If an appeal is not filed within the time limits specified in this section, the decision by the Secretary shall be final and conclusive. In the case of a monetary penalty imposed under subsection (d)(2)(B) of this section, if the amount is not tendered within 60 days after the decision becomes final, the license shall automatically be suspended until payment is made to U.S. Customs and Border Protection.

*See also* 28 U.S.C. § 2636(g).  Sections 1641(e)(1) and (e)(6) are clear and unequivocal.  An examinee must file an action in this Court within sixty days of the Secretary's (CBP's) decision otherwise that decision becomes final and conclusive.  This Court has held that the statute of limitations in this case began to run in January or February 2020.  The statute of limitations on plaintiff's claim expired over five years ago.  Accordingly, plaintiff's claim is time-barred.

7

## CONCLUSION

For the foregoing reasons and the reasons provided in our moving brief, defendant respectfully requests that the Court grant the motion to dismiss for failure to state a claim and that this action be dismissed with prejudice.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

By:    /s/ Marcella Powell
MARCELLA POWELL
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York l0278
Attorneys for Defendant
Dated: June 18, 2026                Tel. No. 212-264-9230 or 1873

8

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | |
|---|---|
| BYUNGMIN CHAE, | : |
| | : |
| | : |
| Plaintiff, | :     Court No. 26-00788 |
| | : |
| v. | : |
| | : |
| UNITED STATES, | : |
| | : |
| Defendant. | : |
| | : |

**CERTIFICATE OF COMPLIANCE PURSUANT TO**

**USCIT STANDARD CHAMBER PROCEDURE 2(B)**

I, Marcella Powell, Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the Microsoft Word word count feature of the word processing program used to prepare the brief, certify that this brief complies with the type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 2,218 words.

/s/ Marcella Powell

9