Greetings,

I hope this letter finds you well.

Here are the clarifications in response to the defendant's motion to dismiss dated on June 18 2026

1. In page 2, "as in chae II, this action is barred by res judicata or claim preclusion as it applies to arguments or claims that were or could have been raised in the prior action". Nothing prevented plaintiff from presenting any arguments based on baxter I and II and he did not do so.

   If you see the attachment 1 the plaintiff filed the claim in the timely manner in Chae II but the court of appeals for the federal circuit refused to consider the claim as it was not presented to the lower court. This is how the plaintiff initiated the appeal in chae III. And the same applies to Chae I as the baxter's case was continuing on to the supreme court and the plaintiff could not present to the lower court in Chae I

2. In page 2, "The court held that the sixty day statute of limitations was equitably tolled " until late January or early February 2020"

   There were multiple appeals to the CBP broker exam office after the release of the exam score and answers and CBP office mailed the final notice to my old address and it was not delivered to my attention on time and in my first court case with the attorney the court extended the time to appeal. Please see the attachment 2

3. In page 5, all mail materials should be treated with the same policy for the search warrant when they were in the possession of the United States Postal service. Under U.S. law, all sealed mail and physical correspondence (such as First-Class letters and packages) are protected by the **Fourth Amendment** and require a valid Search Warrant Requirements issued by a judge to be legally opened.

4. In page 6, in regards to the lack of legal counsel as the plaintiff was represented by the legal counsel in chae I the plaintiff is also eligible for the legal representation in chae II while it was not properly addressed by the court.

5. Exceptions to res judicata

   Let me attach the exceptions to res judicata for your reference to the case as the first exception could be pertinent to my case.

Thanks for your attention and time

Byungmin Chae



NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**BYUNGMIN CHAE,**
*Plaintiff-Appellant*

v.

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1379

---

Appeal from the United States Court of International Trade in No. 1:24-cv-00086-TMR, Judge Timothy M. Reif.

---

Decided: November 19, 2025

---

BYUNGMIN CHAE, Elkhorn, NE, pro se.

MARCELLA POWELL, Commercial Litigation Branch, Civil Division, United States Department of Justice, New York, NY, for defendant-appellee. Also represented by PATRICIA M. MCCARTHY, JUSTIN REINHART MILLER, BRETT SHUMATE; PAULA S. SMITH, Office of the Assistant Chief Counsel, United States Customs and Border Protection, United States Department of Homeland Security, New York, NY.

---

1/2

Case 1:26-cv-00788-TMR    Document 2    Filed 01/21/26    Page 7 of 26
Case 1:26-cv-00788-TMR    Document 20    Filed 06/25/26    Page 3 of 5
CHAE v. US

Here, all three prongs are met. Mr. Chae does not dispute that the first two prongs are met. Appx49. As to the third prong, Mr. Chae's claim in the present appeal is directed to whether he should be credited as answering Question 27 correctly. This is the identical issue litigated in Mr. Chae's first appearance at the Trade Court. But Mr. Chae is entitled to "one, and only one, full and fair opportunity to litigate [his] matter." *Bowers*, 695 F.3d at 1384. Because Mr. Chae's second claim is based on the same set of transactional facts as his first, we conclude that the Trade Court was correct to dismiss on the basis of claim preclusion.

Mr. Chae argues for the first time that claim preclusion does not apply because the law relevant to Question 27 was unsettled when he took his examination in April 2018. Appellant Informal Br. 2; Appx4. Specifically, he argues that at the time of his examination he was following *United States v. Baxter*, No. 3:17-cr-24, 2018 WL 6173880 (D.V.I. Nov. 26, 2018), but after the examination "the law changed" when the Third Circuit vacated and remanded in *United States v. Baxter*, 951 F.3d 128, 136–37 (3d Cir. 2020). Appx4. And according to Mr. Chae, this change in law "was something new" that he could not have presented in *Chae I. Id.*

The problem with this argument is that it has been waived because Mr. Chae raises it for the first time in this appeal. Generally, we do not consider arguments not presented to the lower court. *Hylete LLC v. Hybrid Athletics, LLC*, 931 F.3d 1170, 1174 (Fed. Cir. 2019). Although when a party appears pro se before the lower court, as here, we may be "less stringent in requiring that the issue have been raised explicitly below." *Golden Bridge Tech., Inc. v. Nokia, Inc.*, 527 F.3d 1318, 1323 (Fed. Cir. 2008) (quoting *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002)). We choose not to exercise such authority in this appeal and under these circumstances, we find waiver.

2/2

yahoo!mail

← Back

Inbox
Sent
Drafts
Trash
Spam
Folders
...

# Deadline  📁 Customs Broker

**Matthew Moench**
To: me, Cc: Cody · Sun, Dec 20, 2020 at 6:47 PM ⌄

Ben —

Please be aware that the Court extended the time for us to file the brief until January 11th. We're going to continue to fine tune it and have it filed by then or earlier.

Matt

Matthew C. Moench, Esq.
KING, MOENCH, HIRNIAK & MEHTA, LLP
51 Gibraltar Drive, Suite 2F
Morris Plains, New Jersey 07950
973.998.6860 (Office)
908.208.1910 (Mobile)
973.998.6863 (Fax)
mcm@kmhmlawfirm.com

NOTICE: This e-mail message and any attachment contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, transmit, convert to hard copy, copy, use or disseminate this e-mail or any attachments to it. If you have received this e-mail in error, please immediately notify us by return e-mail or by telephone at (973) 998-6860 and delete this message. Please note that forwarded messages or replies to a prior message may not have been produced by King, Moench, Hirniak & Mehta, LLP. Although this office attempts to sweep e-mail and attachments for viruses, it does not guarantee that either are virus-free and accepts no liability for damages sustained as a result of viruses. This notice is automatically appended to each e-mail message leaving King and Petracca, LLP. The law office of King, Moench, Hirniak & Mehta, LLP is a Limited Liability Partnership of the Limited Liability Companies of Peter J. King, LLC, Moench Law, LLC, Roman B. Hirniak, LLC and Chirag D. Mehta, LLC.

Starred   Contacts   More



Storage

if a cause of action is for **breach of contract** (https://www.bona.com/what-are-the-available-damages-in-a-california-breach-of-contrac.html), and Person A wins a verdict, they will likely be barred from filing another lawsuit arising from the same breach by Person B. If Person B allegedly breaches the same contract again, however, Person A will probably be free to file a new lawsuit.

## 3. The Same Parties, or Closely Related Parties

When the parties to a lawsuit are individuals, it is usually easy to determine when a new lawsuit involves the same parties. Res judicata can also bar lawsuits by a person or entity "in privity with" a party to the original lawsuit, as the California Supreme Court put it. This may include anyone acting as an agent for the original plaintiff, or a subsidiary of a corporate plaintiff. The same goes for defendants, such as when an unsuccessful plaintiff tries to bring the same claims against a subsidiary of the defendant or another closely related entity.

## Exceptions to Res Judicata

Courts have identified several situations in which res judicata would not prevent a new lawsuit. They mostly address the manner in which a claim was dismissed, and they include:

- Dismissal of a claim for lack of jurisdiction or improper venue;
- Voluntary dismissal of a claim by a plaintiff;
- Dismissal for want of prosecution;
- Dismissal without prejudice, which often expressly states that a plaintiff may refile if they correct certain defects or errors in their pleadings; and
- Failure to join a party under a mandatory joinder rule.

The jurisdiction issue can be particularly confusing when it involves lawsuits in both state and federal courts. A California appellate court addressed this challenge in a **2018 ruling (https://law.justia.com/cases/california/court-of-appeal/2018/a147507.html)**. The plaintiff filed suit against an agency of the State of California in federal court, asserting claims under both federal and state laws. The U.S. District Court dismissed his state law claims for lack of subject matter jurisdiction under the **Eleventh Amendment (https://law.justia.com/constitution/us/amendment-11/)**.

The plaintiff filed a new lawsuit in state court, asserting the same claims that the federal court had dismissed. The state appellate court held that res judicata did not preclude those claims, essentially because the dismissal in federal court was not based on the merits of the claims.