UNITED STATES COURT OF INTERNATIONAL TRADE BEFORE:

Timothy M. Reif, JUDGE

Byungmin Chae,

Plaintiff,

v. Court No. 26-00788

UNITED STATES,

Defendant.

**PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pursuant to Rule 59 of the United States Court of International Trade (USCIT), Plaintiff, Byungmin Chae, respectfully moves for reconsideration of the Court's July 8, 2026 order by granting the plaintiff's motion on the record and remand the case to the U.S. Customs and Border Protection with directions to allow credit for the plaintiff's answer to question 27 of the April 2018 Customs Broker License Exam.

## INTRODUCTION

Reconsideration is warranted where the Court has overlooked material points of law and fact. As the plaintiff explains below, there are two crucial points that require a revisit of the Court's prior analysis.

**First,** the defendant's analysis overlooked that a fundamental requirement recognized by the United States Supreme Court in entity ["case","Allen v. McCurry"," 449 U.S. 90 (1980)"]. In Allen, the Supreme Court explained that the application of res judicata and collateral estoppel depends upon whether the party against whom preclusion is asserted had a full and fair opportunity to litigate the issue in the prior proceeding.

**Second,** The Court concluded that Plaintiff had an ample opportunity to present the Baxter-based

argument during the proceedings in *Chae I*. Respectfully; Plaintiff submits that the record demonstrates otherwise.

## ARGUMENTS

### I. The plaintiff did not receive such a full and fair opportunity.

During the plaintiff's proceedings in the phase of "Chae I" before the Court of International Trade, the plaintiff was represented by court-appointed pro bono counsel. Unfortunately, counsel failed to discover and timely present the authority discussed in the Baxter case before the filing deadline for the revised complaint. Because this legal authority was not identified and incorporated into the amended pleading, the Court was deprived of the opportunity to consider a significant legal issue relevant to my claims. As a result, the prior proceedings were not a complete and fair adjudication of the issues that I now seek to present. The omission was not the result of a strategic decision by the plaintiff, but rather the consequence of counsel's failure to identify and include the relevant authority within the time permitted. Accordingly, applying res judicata under these circumstances would be inconsistent with the principle recognized in Allen v. McCurry that preclusion should apply only where the litigant previously enjoyed a full and fair opportunity to litigate the matter. Furthermore, the Defendant's reliance on the Baxter case should not support dismissal of the plaintiff's appeal when the very reason the Baxter authority was absent from the earlier proceedings was because the court appointed counsel failed to discover and include it in the revised complaint despite exercising representation on my behalf. Equity and fundamental fairness weigh against barring the plaintiff's claims based upon an omission over which the plaintiff had little practical control.

### II. The Plaintiff did not have a realistic opportunity to present the Baxter-based argument.

The doctrine of res judicata is grounded in the principle that a party must have had a full and fair

opportunity to litigate the issue before being precluded from raising it in a subsequent action. A procedural opportunity, standing alone, does not necessarily constitute a meaningful opportunity where circumstances beyond the party's control prevented the issue from being adequately presented. Here, the Baxter litigation remained pending until January 25, 2021, following proceedings before the Supreme Court after July 22, 2020. As a result, the legal significance of the time to make the reference to the Baxter litigation was remarkably reduced during the earlier stages of Plaintiff's case. (See Attachment No. 1.)

Moreover, after this Court granted Plaintiff sixty (60) days to amend the complaint in Slip Opinion 21-57, Court No. 20-00316, Plaintiff diligently attempted to obtain the relevant Baxter decisions. (See Attachment No. 2.)

However, access to those authorities required registration with the Westlaw legal research platform. The registration process required an eligibility review and imposed restrictions that were directed primarily toward law firms, government agencies, and qualified business entities. Plaintiff could not complete that qualification process within the limited amendment period. (See Attachment No. 3.)

In the phase of “Chae I” the plaintiff frequently encountered practical barriers in obtaining legal research materials and these limitations are not merely matters of convenience; they directly affect a litigant's ability to identify, research, and present relevant legal authority within court-imposed deadlines. Plaintiff exercised reasonable diligence by attempting to obtain the Baxter materials, but the combination of restricted database access, mandatory membership review process, costly monthly fees for the contract years and the limited sixty-day amendment period made it impracticable to discover and present the Baxter-based argument before the deadline expired. Accordingly, Plaintiff respectfully submits that the Court's conclusion that Plaintiff had an "ample opportunity" to present the Baxter-based argument does not fully account for these objective circumstances. The inability to present the argument was not the result of a lack of diligence or strategic choice, but rather the consequence of practical barriers beyond Plaintiff's control.

## CONCLUSION

Because Plaintiff did not have a genuine and meaningful opportunity to present the Baxter-based argument, the application of res judicata based upon the premise that Plaintiff had a full and fair opportunity to litigate would be inequitable under these circumstances. Plaintiff therefore respectfully requests that the Court reconsider its finding and evaluate the present claims in light of the procedural history and the substantial limitations that prevented Plaintiff from presenting the Baxter authority during the earlier proceedings and reject the Defendant's res judicata defense and permit the plaintiff's claims to be considered on their merits so that the plaintiff may finally receive the full and fair opportunity guaranteed by law.

Respectfully submitted,

Byungmin Chae

Pro Se Appellant

August 7, 2026

attachment #1 (1/2)

Search documents in this case: Search

## No. 20-5133

| | |
|---|---|
| Title: | **Steven Baxter, Petitioner**<br>**v.**<br>**United States** |
| Docketed: | July 22, 2020 |
| Lower Ct: | United States Court of Appeals for the Third Circuit |
| Case Numbers: | (18-3613) |
| Decision Date: | February 21, 2020 |
| Rehearing Denied: | April 29, 2020 |

## Proceedings and Orders

| | |
|---|---|
| Jul 14 2020 | Petition for a writ of certiorari and motion for leave to proceed in forma pauperis filed. (Response due August 21, 2020)<br>**Motion for Leave to Proceed in Forma Pauperis** **Petition** **Appendix** **Appendix** **Certificate of Word Count** **Proof of Service** |
| Jul 31 2020 | Waiver of right of respondent United States to respond filed.<br>**Main Document** |
| Aug 06 2020 | DISTRIBUTED for Conference of 9/29/2020. |
| Sep 09 2020 | Response Requested. (Due October 9, 2020) |
| Sep 30 2020 | Motion to extend the time to file a response from October 9, 2020 to November 9, 2020, submitted to The Clerk.<br>**Main Document** |
| Oct 02 2020 | Motion to extend the time to file a response is granted and the time is extended to and including November 9, 2020. |
| Oct 09 2020 | Brief amicus curiae of Virgin Islands Bar Association filed.<br>**Main Document** **Proof of Service** **Certificate of Word Count** |

(2 of 2)

| | |
|---|---|
| Oct 28 2020 | Motion to extend the time to file a response from November 9, 2020 to December 9, 2020, submitted to The Clerk.<br>**Main Document** |
| Oct 29 2020 | Motion to extend the time to file a response is granted and the time is further extended to and including December 9, 2020. |
| Dec 09 2020 | Brief of respondent United States in opposition filed.<br>**Main Document** **Proof of Service** |
| Dec 15 2020 | Motion of petitioner to delay distribution of the case under Rule 15.5 from December 23, 2020 to January 6, 2021, submitted to The Clerk.<br>**Main Document** |
| Dec 16 2020 | Motion to delay distribution of the petition for a writ certiorari granted. The case will be distributed Thursday, January 7, 2021. |
| Jan 06 2021 | Reply of petitioner Steven Baxter filed. (Distributed)<br>**Main Document** **Proof of Service** **Certificate of Word Count** |
| Jan 07 2021 | DISTRIBUTED for Conference of 1/22/2021. |
| Jan 25 2021 | Petition DENIED. |

## Attorneys

**Attorneys for Petitioners**

Joseph A. DiRuzzo III
*Counsel of Record*

DiRuzzo & Company
401 East Las Olas Blvd.
Suite 1400
Ft. Lauderdale, FL 33301

jd@diruzzolaw.com
Ph: 954.615.1676

Party name: Steven Baxter

attachment #2

Slip Op. 21-57

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **BYUNGMIN CHAE,** Plaintiff, v. **SECRETARY OF THE TREASURY,** Defendant. | **Before: Timothy M. Reif, Judge** **Court No. 20-00316** |

**OPINION**

[Denying defendant's motion to dismiss pursuant to USCIT Rule 12(b)(1) and granting leave to plaintiff for sixty (60) days to amend his complaint and summons.]

Dated: May 7, 2021

Matthew C. Moench, King Moench Hirniak & Mehta, LLP of Morris Plains, NJ, for plaintiff.

Justin R. Miller, Attorney-in-Charge, International Trade Field Office, of New York, NY, Aimee Lee, Assistant Director, U.S. Department of Justice, of New York, NY, and Marcella Powell, Senior Trial Counsel, Civil Division, U.S. Department of Justice, of New York, NY, for defendant. With them on the brief were Jeffrey Bossert Clark, Acting Assistant Attorney General, and Jeanne E. Davidson, Director. Of counsel on the brief was Mathias Rabinovitch, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

"What, like it's hard?"[1] Well, in fact, yes — over 2,000 applicants annually sit for the Customs Broker License Exam, with a pass rate of approximately 37%.[2]

---

[1] LEGALLY BLONDE (Robert Luketic/MGM Distribution Co. 2001).

[2] U.S. Customs and Border Protection, Status Report and Fee, available at https://www.cbp.gov/trade/programs-administration/customs-brokers (last visited May 6,

attachment #3

tions.thomsonreuters.com

# Tell us about your line of work

Provide information about your line of work to view plans and pricing. Once you answer the first question, additional questions will show.

* indicates required information

**What sector do you work in?***

Choose

1. **Law firm**
Plans available for 1 - 10 attorney Law Firms. Larger firms can call 888-728-7677 and select option 2 for pricing.

2. **Business**
Choose this sector if you represent a small to medium-sized enterprise, corporation, or nonprofit, and not a law firm or government entity.

3. **Government**
This sector includes public organizations, including federal, state, and local government agencies, as well as public educational institutions and other