UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HON. TIMOTHY M. REIF, JUDGE

| | | |
|---|---|---|
| BYUNGMIN CHAE, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Court No. 26-00788 |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pursuant to Rule 59 of the Rules of this Court, Defendant, the United States (the Government), respectfully submits this response in opposition to plaintiff's motion for reconsideration.

## INTRODUCTION

### I. Factual Background

The underlying facts of this case are set forth in *Chae v. Yellen*, 579 F. Supp. 3d 1343 (Ct. Int'l Trade 2022) (*Chae I*). For purposes of this motion, however, we provide a short factual summary of the principal facts. Mr. Chae sat for the April 2018 Customs Broker License Examination (CBLE) and initially received a score of 65 percent. *Id*. at 1349. Mr. Chae then

appealed the result. In response, the Broker Management Branch (BMB) of U.S. Customs and Border Protection (CBP) informed Mr. Chae that it would not change the scores for the questions that he appealed, but that all examinees would receive credit for several questions. Consequently, Mr. Chae's score was recalculated to 67.5 percent, which was still short of the required passing score of 75 percent. *Id*.

Mr. Chae sought review of the BMB's decision by CBP's Executive Assistant Commissioner. On May 23, 2019, the Executive Assistant Commissioner responded by letter advising Mr. Chae that he would receive credit for three additional questions. Based on these newly credited answers, Mr. Chae's new score was adjusted to 71.25 percent, which was still not a passing score. *Id*.

## II. ***Chae I***

After exhausting his administrative remedies, Mr. Chae commenced an action in this Court seeking review of CBP's decision to deny credit for seven questions (Nos. 5, 27, 33, 39, 43, 50 and 57) on the CBLE. *See Chae v. U.S. Secretary of Treasury*, Court No. 20-00316, Docket Nos. 1 and 2. Mr. Chae moved for judgment on the agency record contesting only Questions Nos. 5, 27, 33, 39, and 57. *Id*. at Docket No. 39.

In *Chae I*, the Court held that CBP's decision to deny plaintiff credit for Questions 5, 27, 33, and 39 was supported by substantial evidence. 579 F. Supp. 3d at 1372. Although the Court held that CBP's denial of credit for Question No. 57 was not supported by substantial evidence, Mr. Chae still did not achieve a passing score of 75%. The Court further held that the failure to pass the Customs Broker License Examination was a lawful basis for denying a customs broker's license. The Court held that CBP's decision to deny Mr. Chae a customs broker's license was

not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 706. *Id*.

Plaintiff appealed this Court's judgment to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit). *See Chae v. Yellen*, 2023 WL 3072385 (Fed. Cir. Apr. 25, 2023). Plaintiff's appeal focused on the three remaining questions for which CBP denied credit, namely, Question Nos. 5, 27, and 33 of the April 2018 CBLE. The Federal Circuit affirmed this Court's judgment on Questions No. 27 and 33 but held that CBP's denial of credit for Question No. 5 was not supported by substantial evidence. *Id*. The Federal Circuit further held that even with credit for Question No. 5, plaintiff could not attain a passing grade of at least 75% and that the "absence of a passing grade on the CBLE constitutes lawful grounds for denial of Mr. Chae's application for a customs broker license" and that "CBP's denial of Mr. Chae's application is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*.

Plaintiff next petitioned the United States Supreme Court for a writ of certiorari. The Supreme Court denied plaintiff's petition. *See Chae v. Yellen*, 144 S. Ct. 347 (2023). Plaintiff then petitioned for rehearing and that petition was denied by the Supreme Court. *See Chae v. Yellen*, 144 S. Ct. 714 (2024).

**III. *<u>Chae II</u>***

On May 8, 2024, plaintiff commenced a second action in this Court challenging CBP's denial of credit for Question No. 27 of the CBLE. *Chae v. United States*, 736 F. Supp. 3d 1364 (2024) (*Chae II*). In that action, plaintiff argued that CBP's denial of credit for Question No. 27 was improper because a vague term in 19 C.F.R. § 145.2 rendered Question No. 27 faulty. The Government moved to dismiss plaintiff's action under USCIT Rule 12(b)(6), arguing that claim preclusion barred plaintiff from bringing suit.

This Court granted the Government's dismissal motion. The Court held that the doctrine of claim preclusion barred plaintiff's action, and thus plaintiff could not state a viable claim. *Chae*, 736 F. Supp. 3d at 1370. Plaintiff appealed this Court's judgment to the Federal Circuit. *See Chae v. United States*, 2025 WL 3228192 (Fed. Cir. Nov. 19, 2025). Plaintiff's appeal focused solely on Question No. 27 of the April 2018 CBLE, but he asserted a new argument for the first time in the appeal. Specifically, plaintiff argued that when he took the CBLE, the applicable law was unsettled. Plaintiff argued that at the time of the examination, he followed *United States v. Baxt*er, 2018 WL 6173880 (D. V.I. Nov. 26, 2018) (*Baxter I*), and he further argued that the law changed after the examination when that decision was vacated and the case was remanded. *See United States v. Baxter*, 951 F.3d 128, 136-37 (3d Cir. 2020) (*Baxter II*). *Chae*, 2025 WL 3228192 at *2. Plaintiff argued that this change in law "was something new" that he could not have presented to this Court.

The Federal Circuit affirmed this Court's judgment on Question No. 27, and held that the trial court "was correct to dismiss on the basis of claim preclusion." *Id*. at *2. Additionally, the Federal Circuit held that plaintiff had waived his *Baxter*-based argument because it was raised for the first time in the appeal. *Id*. at *3. The Federal Circuit also considered plaintiff's remaining arguments and found them unpersuasive. *Id*.

**IV. *Chae III***

On May 8, 2026, plaintiff commenced a third action in this Court challenging CBP's decision to deny credit for Question No. 27 of the CBLE. Court No. 26, 00788, Docket No. 1. Plaintiff alleges that he filed the case "to bring the attention to" the discussion in *Baxter I* regarding the Fourth Amendment's protection from "unreasonable searches and seizures of their persons, houses, papers and effects." *Id*. The Government again moved to dismiss plaintiff's

action under USCIT Rule 12(b)(6), arguing that claim preclusion barred plaintiff from bringing another suit and that the applicable statute of limitations had expired.

This Court granted the Government's dismissal motion. *Chae v. United States*, 2026 WL 1972192 (July 8, 2026). The Court held that plaintiff's action was barred by the doctrine of claim preclusion. *Id*. at 5. In doing so, the Court held that the *Baxter* cases did not constitute a new ground for relief that could not have been raised in *Chae I*. *Id*. at 4. "Both *Baxter I* and *Baxter II* predate the final judgment in *Chae* I." *Id*. According to the Court, plaintiff "had ample opportunity to present the *Baxter*-based argument in *Chae* I."

Plaintiff has now filed a motion for reconsideration of the Court's final decision and judgment in *Chae III* pursuant to USCIT Rule 59(a). For the reasons stated below, plaintiff's motion should be denied.

## <u>ARGUMENT</u>

### I. THE STANDARD FOR RECONSIDERATION UNDER USCIT RULE 59(a).

The decision to grant reconsideration is within the sound discretion of the Court. *Cyber Power Systems, Inc. v. United States*, 639 F. Supp. 3d 1288, 1269 (Ct. Int'l Trade 2023); *Acquisition 362, LLC v. United States*, 539 F. Supp. 3d 1251, 1255 (Ct. Int'l Trade 2021). Reconsideration or rehearing of a case is proper when "a significant flaw in the conduct of the original proceeding" exists. *Acquisition 362, LLC*, 539 F. Supp. 3d at 1255 (citing *Union Camp Corp. v. United States*, 963 F. Supp. 1212, 1213 (Ct. Int'l Trade 1997) (quoting *Kerr-McGee Chem. Corp. v. United States*, 14 Ct. Int'l Trade 582, 583, 1990 WL 127166 (1990)). The standard for reconsideration is whether the Court's "prior decision should be disturbed is 'manifestly erroneous.'" *Id*. at 1256. A motion for reconsideration under USCIT Rule 59 cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been

raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 485 n.5 (2008); *Acquisition 362, LLC*, 539 F. Supp. 3d at 1256. Such motions "are supposed to 'to address a fundamental or significant flaw in the original proceeding." *Id*. (citing *Since Hardware (Guangzhou) Co. v. United States*, 37 F. Supp. 3d 1354, 1359 (Ct. Int'l Trade 2014) (quoting *USEC, Inc. v. United States*, 138 F. Supp. 2d 1335, 1336 (Ct. Int'l Trade 2001)) "[A] court's previous decision will not be disturbed unless it is 'manifestly erroneous.'" *Since Hardware*, 37 F. Supp. 3d at 1359.

Here, as we show below, plaintiff's motion, which relies on the wrong legal standard, does not identify any manifest error in *Chae III*, but instead raises new arguments in an attempt to relitigate *Chae I*. For the reasons set forth below, plaintiff's motion for reconsideration should be denied.

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION SHOULD BE DENIED.

Mr. Chae claims that reconsideration of this Court's judgment in *Chae III* is warranted because he did not have a full and fair opportunity to litigate his *Baxter*-based arguments in *Chae I*. Pl.'s Mot. at 1. Plaintiff's arguments are misplaced. As we explain below, the "full and fair opportunity" exception is limited to the doctrine of collateral estoppel. *Allen v. McCurry*, 449 U.S. 90, 95 (1980). This Court ruled that plaintiff's claims were barred by claim preclusion, not collateral estoppel.

Under claim preclusion or *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Under collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'

*Id*. at 95 (citing *Montana v. United States*, 440 U.S. 147, 153 (1979)). The one general limitation on the application of *collateral estoppel* is that it "cannot apply when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate that issue in the earlier case." *Id*. at 95.

The "full and fair opportunity" exception is limited to the doctrine of collateral estoppel. *Allen*, 449 U.S. at 94; *Banner v. United States*, 238 F.3d 1348, 1355 (Fed. Cir. 2001). In *Chae III*, this Court ruled that plaintiff's claims were barred by claim preclusion, not collateral estoppel. Therefore, the exception set forth in *Allen* does not apply, and plaintiff's motion should be denied.

**A. Plaintiff Had A Full And Fair Opportunity To Litigate His Claims In *Chae I***

Notwithstanding that plaintiff's motion is predicated entirely on an inapplicable exception, we nevertheless will address the merits of plaintiff's arguments. Plaintiff first argues that reconsideration is warranted because his court-appointed *pro bono* counsel failed to discover and timely present *Baxter* in *Chae I*. This is a new argument asserted for the first time by plaintiff, and it is without merit.

It is well-settled that in civil litigation, a party is bound by the acts and omissions of its counsel. *Link v. Wabash R. Co.*, 370 U.S. 626, 634 (1962). Additionally, this Court has already held in *Chae III* that the Sixth Amendment constitutional right to the effective assistance does not attach in a civil action such as plaintiff's action. *Chae III*, 2026 WL 1972192, at *4-5. Plaintiff has not cited any authority recognizing an exception to claim preclusion predicated on purported errors made by its counsel in a civil action. Thus, plaintiff's apparent dissatisfaction with his court-appointed counsel does not constitute a manifest error in this Court's decision in *Chae III*.

Plaintiff further argues that he did not have a "meaningful opportunity" to raise his *Baxter*-based arguments in *Chae I* due to "circumstances beyond" his control. Pl. Mot. at 1. Specifically, plaintiff argues that he did not have sufficient time to raise *Baxter* because the litigation in that case did not conclude until January 25, 2021, which was well after the period of time this Court permitted for plaintiff to amend his Complaint in *Chae I*. Plaintiff's argument fails to identify a manifest error in the Court's *Chae III* decision. Plaintiff disregards the fact that his opportunity to raise the *Baxter* litigation was not limited to only his pleadings. Represented by counsel, plaintiff had full dispositive motion briefing and oral argument, and more than sixteen months between the end of the *Baxter* litigation (January 2021) and the judgment in *Chae I* on June 6, 2022. Plaintiff could have raised *Baxter* at any point in the case up until this Court's final judgment. Accordingly plaintiff's motion for reconsideration should be denied.

Finally, plaintiff seeks reconsideration on the grounds that he had difficulties accessing research materials on Westlaw, "which made it impracticable to discover and present" the *Baxter*-based argument before the deadline for amending his complaint expired. Pl.'s Mot at 2-3. Plaintiff's ability to access electronic research materials has no relation to the Court's decision in *Chae III,* and certainly does not demonstrate any manifest error in that decision. Furthermore, plaintiff fails to explain why his personal access to research is relevant given that he was represented by court-appointed counsel in *Chae I*. Plaintiff's motion should be denied.

Finally, the relief that plaintiff seeks through its motion for reconsideration is unavailable. Plaintiff seeks "reconsideration of the Court's July 8, 2026 order by granting the plaintiffs motion on the record and remand the case to the U.S. Customs and Border Protection (CBP) with directions to allow credit for the plaintiff's answer to question 27 of the April 2018 Customs Broker License Exam." This Court dismissed this action under USCIT Rule 12(b)(6) on the

grounds of claim preclusion, which foreclosed the consideration of the merits of plaintiff's claim. Thus, it is not possible for this Court to remand this action to CBP.

In sum, plaintiff has failed to show the manifest error or fundamental flaw necessary for reconsideration of this Court's decision in *Chae III*. Plaintiff's reconsideration motion should be denied.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests that the Court deny plaintiff's motion for reconsideration.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By: /s/ Marcella Powell
MARCELLA POWELL
Senior Trial Counsel
Civil Division, Dept. of Justice
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York l0278
Attorneys for Defendant
Tel. No. 212-264-9230 or 1873

Dated: September 21, 2026