UNITED STATES COURT OF INTERNATIONAL TRADE BEFORE:

Timothy M. Reif, JUDGE

| | | |
|---|---|---|
| Byungmin Chae, Plaintiff, | : | |
| v. | : | Court No. 26-00788 |
| UNITED STATES, Defendant. | : | |

**REPLY TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

Pursuant to Rule 59 of the United States Court of International Trade (USCIT), Plaintiff, Byungmin Chae, respectfully moves for reconsideration of the Court's July 8, 2026 order by granting the plaintiff's motion on the record and remand the case to the U.S. Customs and Border Protection with directions to allow the credit for the plaintiff's answer to question 27 of the April 2018 Customs Broker License Exam. Plaintiff-Appellant respectfully submits this response concerning the application of claim preclusion/res judicata and the Court's conclusion that Plaintiff had an adequate or "ample opportunity" to present the evidence and argument at an earlier stage of the litigation. Plaintiff respectfully submits that preclusion should not be applied mechanically where material evidence was not reasonably accessible or discoverable to the Plaintiff at the time the prior proceeding was litigated. The critical question is not simply whether the information existed somewhere in the world, but whether Plaintiff had a **meaningful**

**and reasonable opportunity to obtain, research, and present that information** during the earlier proceeding.

## ARGUMENTS

**I. The reconsideration or rehearing of a case is proper when " a significant flaw in the conduct of the original proceeding" exists (page 4) and plaintiff's ability to access electronic research materials has no relation to the court's decision in chae III (page 7)**

1. PRECLUSION REQUIRES A MEANINGFUL OPPORTUNITY TO PRESENT THE CLAIM OR EVIDENCE

The doctrine of res judicata is intended to promote finality and prevent repetitive litigation. However, its application must also be consistent with fundamental fairness. The Supreme Court has recognized that preclusion principles are closely connected to whether a party had a **full and fair opportunity to litigate** the matter in the earlier proceeding. *See Allen v. McCurry*, 449 U.S. 90, 95 (1980).

In this case, Plaintiff respectfully contends that the practical availability of the relevant information is essential to determining whether Plaintiff truly had such an opportunity.

The evidence and legal authority at issue were not reasonably accessible to Plaintiff during the relevant period. Although the information may have existed, its existence alone does not establish that Plaintiff had a realistic ability to locate, obtain, understand, and present it before the prior proceeding concluded.

Accordingly, Plaintiff respectfully asks this Court to distinguish between evidence that was **actually available and reasonably discoverable through ordinary diligence** and information that was effectively inaccessible to the litigant during the limited period available for amendment or presentation of the claim.

2. THE EXISTENCE OF INFORMATION DOES NOT NECESSARILY ESTABLISH REASONABLE DISCOVERABILITY

The opposing party has argued that the evidence could have been discovered through due diligence. Plaintiff respectfully disagrees.

"Due diligence" must be evaluated in light of the circumstances actually confronting the litigant. Plaintiff was proceeding without the same access to legal research resources and professional assistance that may be available to the defendants.

In particular, Plaintiff experienced practical barriers in locating the relevant Baxter-related authority and Supreme Court materials. The fact that information was eventually located does not establish that Plaintiff reasonably could have located it within the limited period available in the earlier proceeding. The Second Circuit has repeatedly held that Rule 60(b)(2) applies where the evidence **"could not have been discovered in time" despite due diligence**. In *United States v. International Brotherhood of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001), the court articulated the requirements, including that the movant was **"justifiably ignorant"** of the facts despite due diligence. The Second Circuit has also stated that newly discovered evidence means evidence that **"could not have been found by due diligence."** *Insurance Co. of North America v. Public Service Mutual Insurance Co.*, 609 F.3d 122, 131 (2d Cir. 2010)

The relevant distinction is therefore:

**(1)** Information that a party reasonably could have discovered and presented with ordinary diligence; versus

**(2)** Information that was not reasonably accessible to the party during the relevant litigation period, but was subsequently discovered.

Plaintiff submits that the second circumstance warrants consideration before preclusion is imposed.

3. THE “AMPLE OPPORTUNITY” FINDING SHOULD BE RECONSIDERED IN LIGHT OF THE ACTUAL ACCESSIBILITY OF THE INFORMATION

The Court previously stated that Plaintiff had an “ample opportunity” to present the Baxter-based argument. Plaintiff respectfully requests that this conclusion be reconsidered in light of the circumstances surrounding Plaintiff's ability to obtain the relevant authority.

An opportunity to litigate is not necessarily “full and fair” merely because a party was technically permitted to file a pleading or amendment. The practical ability to obtain the necessary information and formulate the claim is also relevant.

Here, Plaintiff's ability to identify and research the Baxter-related authority was affected by limitations on access to legal research resources, the timing of the relevant proceedings, and Plaintiff's status as a litigant without the proper assistance from the court assigned lawyer in this regard.

4. DATA AND INFORMATION INACCESSIBILITY SHOULD BE CONSIDERED AS AN EXCEPTION OR LIMITATION TO PRECLUSION

Plaintiff does not contend that every subsequently discovered piece of evidence automatically defeats res judicata. Rather, Plaintiff respectfully submits that **genuine inaccessibility of material information is an important limitation on the application of preclusion where that inaccessibility prevented a party from having a full and fair opportunity to litigate the matter.**

Where material evidence could not reasonably have been obtained or identified despite the party's circumstances and reasonable efforts, applying preclusion as though the evidence had been readily available would effectively treat theoretical availability as equivalent to actual access.

That would be particularly inequitable in a case involving a litigant who lacked the same research resources and legal assistance available to the other represented parties.

Therefore, Plaintiff respectfully requests that this Court consider the actual accessibility of the information, rather than merely the fact that the information existed at some earlier point in time.

## II. More than sixteen months between the end of the baxter litigation (Jan 2021) and the judgement in chae I (June 6 2022) the plaintiff could have raised the baxter at any point in the case.

Plaintiff respectfully submits this response to Defendant's contention that Plaintiff had more than sixteen months between the conclusion of the Baxter litigation in January 2021 and the judgment in *Chae I* on June 6, 2022, and therefore had sufficient time to discover and present the Baxter-related argument.

Respectfully, Defendant's calculation does not accurately reflect the procedural circumstances of this case or the period during which Plaintiff actually had authorization from this Court to amend the complaint.

As reflected in **Slip Op. 21-57**, the Court granted Plaintiff leave to amend the complaint in **May 2021**, providing Plaintiff **sixty (60) days** within which to file the amended complaint. Thus, Plaintiff did not simply have an unrestricted sixteen-month period during which Plaintiff was authorized to assert new claims or arguments. The relevant procedural opportunity to amend arose only after the Court granted leave in May 2021, and the Court expressly established a sixty-day period for Plaintiff to exercise that opportunity.

Accordingly, the period between January 2021 and May 2021 should not be characterized as four months of unrestricted opportunity available to Plaintiff to amend the complaint. The Court's order in *Slip Op. 21-*

*57* is important because it establishes when Plaintiff was actually authorized to amend and the specific period provided for doing so.

Moreover, Defendant's calculation appears to conflate the **date on which the Baxter litigation ended** with the **date on which Plaintiff had a meaningful procedural opportunity to incorporate the Baxter-related argument into this case**. Those are not necessarily the same date. The mere existence of a judicial decision does not establish that the litigant immediately knew of the decision, had access to it, understood its significance, and was procedurally authorized to incorporate it into a pending complaint.

The procedural history is particularly significant here. The Baxter litigation concluded in January 2021, while Plaintiff was not granted leave to amend until May 2021. The Court then allowed only sixty days for the amendment. Therefore, the relevant question is not simply how many calendar months elapsed between January 2021 and June 2022. The relevant question is whether Plaintiff had a **full and fair and practically meaningful opportunity** to discover the Baxter authority and present the resulting argument within the procedural framework of this case.

Plaintiff respectfully submits that the answer cannot be determined merely by counting calendar months.

The Defendant's sixteen-month calculation also overlooks the distinction between an ordinary claim of newly discovered evidence and circumstances in which information or legal authority was not reasonably accessible to the litigant during the relevant period. Plaintiff's position is not that the passage of time, standing alone, excuses every failure to raise an argument. Rather, Plaintiff asks the Court to consider the **actual procedural opportunity, accessibility of the information, and circumstances confronting Plaintiff at the time the amendment was authorized**.

In particular, Plaintiff was proceeding without the same research resources and legal assistance ordinarily available to the defendant parties. The fact that the Baxter litigation had concluded in January 2021 does

not establish that Plaintiff had immediate practical access to the relevant materials or that Plaintiff could reasonably identify and understand their potential significance before the Court's May 2021 authorization to amend.

Therefore, Plaintiff respectfully requests that the Court reject Defendant's characterization of the circumstances as simply providing Plaintiff with “more than sixteen months” to present the Baxter-based argument. That characterization fails to account for the Court's own procedural order reflected in **Slip Op. 21-57**, which granted Plaintiff leave to amend in May 2021 and provided sixty days for the filing of the amended complaint.

The Court should consider the **actual procedural history and Plaintiff's practical opportunity**, rather than relying solely upon the elapsed calendar time between two unrelated dates.

For these reasons, Plaintiff respectfully requests that the Court give appropriate consideration to *Slip Op. 21-57* and the May 2021 authorization to amend when evaluating Defendant's argument concerning diligence, opportunity, and preclusion.

## III. The full and fair opportunity exception is limited to the doctrine of collateral estoppel, not the claim preclusion (page 5)

Plaintiff respectfully submits that the Court's finding that Plaintiff had an “ample opportunity” to present the Baxter-based argument should not be treated as dispositive without considering whether Plaintiff, in practical terms, had a **full and fair opportunity** to discover, research, and present that authority. In *Allen v. McCurry*, 449 U.S. 90, 95, 101 (1980), the Supreme Court recognized that the doctrines of res judicata and collateral estoppel are related but distinct forms of preclusion and expressly identified as a general

limitation on preclusion the principle that a party cannot be precluded where the party did not have a "full and fair opportunity" to litigate the relevant matter. *Allen* therefore supports the proposition that the existence of a formal opportunity to litigate is not necessarily equivalent to a meaningful opportunity to do so. See also *Montana v. United States*, 440 U.S. 147, 153–55 (1979) (recognizing the full-and-fair-opportunity limitation and those special circumstances may warrant an exception to ordinary preclusion rules). Accordingly, the Court's reference in *Chae I* to Plaintiff having an "ample opportunity" should be evaluated in light of the actual circumstances confronting Plaintiff, including the timing and availability of the Baxter litigation and Plaintiff's status as a litigant without the proper legal assistance from the pro bono counsel. The Baxter Supreme Court proceedings concluded on January 25, 2021, while, as reflected in Slip Op. 21-57, Plaintiff was not granted leave to amend the complaint until May 2021 and was given sixty days in which to do so. Thus, the relevant inquiry should not be merely whether some period of time existed between the conclusion of the Baxter litigation and the subsequent judgment, but whether Plaintiff had a **realistic and meaningful opportunity** during the legally relevant period to locate the newly available authority, understand its significance, and incorporate it into the amended pleading. A finding of "ample opportunity" based solely upon the passage of calendar time does not, by itself, establish the full and fair opportunity contemplated by the Supreme Court's preclusion jurisprudence.

## IV. Plaintiff has not cited any authority recognizing an exception to claim preclusion predicated on purported erros made by its counsel in a civil action (page 6)

Plaintiff recognizes that ordinary attorney negligence does not, standing alone, automatically defeat the application of claim preclusion. Nevertheless, courts have recognized that extraordinary circumstances surrounding counsel's conduct may bear upon whether preclusion should be applied. See *Hillary v. Trans World Airlines, Inc.*, 123 F.3d 1041, 1045–46 (8th Cir. 1997) (considering an asserted "exceptional circumstances" exception to res judicata based upon attorney error and discussing *Jenkins v. State*, 615 So.

2d 405, 406–07 (La. Ct. App. 1993), where the court declined to apply res judicata because the plaintiff's predicament resulted from his attorney's conduct and constituted a “horrendous injustice”). More fundamentally, the Second Circuit has recognized that, before claim preclusion may bar a subsequent federal action, the party must have been afforded a “full and fair opportunity” to litigate the cause of action in the prior proceeding. *Bottini v. Sadore Management Corp.*, 764 F.2d 116, 120 (2d Cir. 1985) (citing *Allen v. McCurry*, 449 U.S. 90, 95, 101 (1980)). Accordingly, Plaintiff does not contend that counsel's error automatically creates an exception to claim preclusion. Rather, Plaintiff submits that counsel's failure to identify and present the Baxter authority during the relevant period is a circumstance that must be considered in determining whether Plaintiff actually possessed the meaningful and practical opportunity to present the Baxter-based theory that the Court's “ample opportunity” finding assumes. Where the relevant authority had only recently emerged from Supreme Court proceedings, where Plaintiff's ability to obtain legal research materials was materially limited, and where the Court subsequently granted leave to amend and provided a sixty-day period for doing so, the mere passage of calendar time should not conclusively establish that Plaintiff had a full and fair opportunity to discover, research, and present the Baxter-based argument.

## V. **PLAINTIFF’S REQUEST FOR CORRECTION AND CLARIFICATION OF TIMING STATEMENT: the litigation in that case did not conclude until January 25,2021, which was <u>well after the period of time</u> this court permitted for plaintiff to amend his complaint in Chae I.(page 7)**

Plaintiff recognizes that the prior statement referring to the Baxter litigation as having concluded “**well after the period of time**” was inaccurate and created a conflict with the chronology reflected in the

record. Plaintiff respectfully requests that the Court treat that statement as a typographical or inadvertent error and read it instead as:

> "**well ahead of the period of time**."

The chronology is significant. The Baxter litigation concluded in **January 2021**. However, as reflected in **Slip Opinion 21-57**, the Court subsequently granted Plaintiff leave in **May 2021** to amend the complaint, providing Plaintiff **sixty (60) days** from the date of the Court's order to do so.

Accordingly, Plaintiff was not in a position in January 2021 to simply assume that an amended complaint could immediately be filed. The Court's authorization to amend was not granted until May 2021. Thus, the relevant procedural period for Plaintiff's opportunity to present the additional argument must be considered in light of the Court's May 2021 order granting leave to amend.

Plaintiff respectfully submits that this chronology is important to the Court's consideration of whether Plaintiff had an actual and meaningful opportunity to present the Baxter-based argument. The fact that the Baxter litigation concluded in January 2021 does not, standing alone, establish that Plaintiff had an unrestricted opportunity to incorporate the Baxter matter into the subsequent pleading before the Court authorized amendment in May 2021.

Therefore, Plaintiff respectfully requests that the Court correct the prior wording from "**well after the period of time**" to "**well ahead of the period of time**," and consider the January 2021 conclusion of the Baxter litigation together with the Court's subsequent May 2021 authorization to amend the complaint.

Plaintiff makes this clarification respectfully and solely to ensure that the chronology is accurately presented to the Court and that the record reflects the procedural circumstances surrounding Plaintiff's opportunity to present the Baxter-based argument.

## APPLICATION TO THE PRESENT CASE

In the present case, Plaintiff discovered the relevant evidence and authority only later in the litigation. Plaintiff did not intentionally withhold the evidence or deliberately choose not to present it.

Instead, Plaintiff contends that the evidence was not reasonably accessible during the earlier proceeding and that Plaintiff could not reasonably have identified and presented the Baxter-based argument within the applicable period.

This distinction is important because the purpose of res judicata is not to punish a litigant for failing to present information that the litigant could not reasonably obtain. Rather, preclusion should be applied in circumstances where the party had a genuine opportunity to litigate the matter and nevertheless failed to do so.

Under the circumstances presented here, Plaintiff respectfully submits that the Court should examine whether Plaintiff actually possessed a **full and fair opportunity** to discover and present the relevant evidence and legal authority.

## REQUEST FOR RELIEF

For these reasons, Plaintiff-Appellant respectfully requests that the Court:

1. Consider the practical inaccessibility of the relevant data, evidence, and legal authority when determining whether preclusion applies;
2. Reconsider the conclusion that Plaintiff had an "ample opportunity" to present the Baxter-based argument;
3. Recognize that the mere existence of information does not necessarily establish that the information was reasonably discoverable by the litigant during the applicable litigation period;

4. Determine whether Plaintiff actually had a full and fair opportunity to obtain and present the relevant evidence and authority; and
5. Decline to apply res judicata/preclusion where doing so would deprive Plaintiff of a meaningful opportunity to litigate a matter that could not reasonably have been discovered or presented during the earlier proceeding.

Plaintiff respectfully submits that the circumstances surrounding the accessibility of the evidence are directly relevant to the fairness and proper application of preclusion in this case.

**Respectfully submitted,**

Byungmin Chae

Email: benchaeny@gmail.com

Telephone: 646-678-0066

Date: October 8, 2026